IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KYLE PAGE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 22-3057** |
| | : | |
| **COUNTY OF BUCKS, TULLYTOWN** | : | |
| **POLICE DEPARTMENT** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                                                                                                           **August 23, 2022**

      A pretrial detainee sues Bucks County and a local police department after a judge did not read a colloquy during the man's first criminal trial now set for retrial after a court vacated his earlier conviction. He asks us to jump into the middle of his ongoing prosecution, dismiss his retrial, and award him damages. We allowed the pretrial detainee to proceed with deferred filing fees and must now screen his complaint as Congress directs us to ensure the man states a claim before he proceeds. We liberally construe his *pro se* allegations. We find he does not state a claim. We cannot enjoin an ongoing state criminal prosecution based on the pleaded facts. The pretrial detainee does not plead facts establishing a basis for money damages against Bucks County or the local police department and he cannot obtain damages under the Pennsylvania Constitution for these claims. We dismiss his claim for money damages under the Pennsylvania Constitution with prejudice. We dismiss his claims seeking to enjoin the retrial and for municipal liability without prejudice to filing a timely amended complaint pleading he cannot pursue a defense in his criminal proceedings and a municipal policy or custom to impose municipal liability or against individual state actors for allegedly violating his civil rights in the first trial. We are hard-pressed to conceive of a civil rights claim arising from a judge's failure to provide a colloquy during trial already remedied in the state courts but will allow one amendment.

I. **Alleged *pro se* facts**

Kyle Page claims he stood trial in Bucks County for undisclosed charges while on "ps[y]ch medication."[1] Mr. Page claims a "Judge Bateman" did not "read a colloquy to see if plaintiff was on any medication during trial."[2] Mr. Page claims "Tullytown Police" who attended the trial knew about his "medical & ps[y]ch condition" but "failed to say anything."[3] Mr. Page claims Tullytown Police Chief Daniel Doyle, District Attorney A.J. Garabedian, and members of the District Attorney's office Tim Carroll and Eric Landamia attended his trial.[4] Mr. Page claims he received a new trial after his conviction "was vacated."[5] He is now a pretrial detainee at State Correctional Institution Houtzdale.[6]

II. **Analysis**

Mr. Page *pro se* sues Bucks County and the Tullytown Police Department in their individual and official capacities under 42 U.S.C. § 1983.[7] We granted him leave to proceed *in forma pauperis* given his financial status while incarcerated but we must now screen his allegations before directing the Marshal to serve summons.[8] Mr. Page appears to claim Bucks County and Tullytown Police Department violated the Sixth and Ninth Amendments of the United States Constitution by denying him a fair trial when President Judge Bateman did not read the colloquy about Mr. Page's medication while Tullytown police watched the trial.[9] He asks us to dismiss his pending criminal case citing the Fifth Amendment's Double Jeopardy Clause.[10] He also cites a "violation of the Constitution of Commonwealth of Pennsylvania article VI" because President Judge Bateman "violated § 3 Oath of office [*sic*]."[11] Mr. Page seeks $4 million from Bucks County and $2 million from Tullytown Police Department.[12]

Congress requires us to screen Mr. Page's Complaint under 28 U.S.C. § 1915A.[13] Congress in section 1915A requires we "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from

a governmental entity or officer or employee of a governmental entity."[14] We must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."[15]

We apply the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) to determine whether a complaint fails to state a claim under section 1915A(b)(1).[16] Our Court of Appeals directs us to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings'. . . particularly where the *pro se* litigant is imprisoned."[17] We must "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[18] But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[19]

We liberally construe Mr. Page's *pro se* Complaint as attempting to state three sets of claims: (1) a claim seeking dismissal of Bucks County's prosecution because it violates the Double Jeopardy Clause; (2) claims against Bucks County and Tullytown Police Department for municipal liability under *Monell v. Department of Social Services*;[20] and (3) a claim against Bucks County and Tullytown Police Department for violating Article VI, section three of the Pennsylvania Constitution.

We dismiss these claims. We must abstain from dismissing an ongoing state criminal prosecution. Mr. Page's *Monell* claims against Bucks County and Tullytown Police Department fail because he does not identify a policy or custom of the entities violating his rights. And we dismiss his claim under the Pennsylvania Constitution because it does not allow private causes of action for damages. We dismiss Mr. Page's Complaint without prejudice to him possibly amending to plead claims for municipal liability.

### A. We abstain from dismissing Mr. Page's ongoing state criminal prosecution.

Mr. Page asks us to dismiss his Bucks County criminal prosecution because it violates the Double Jeopardy Clause of the United States Constitution.[21] We must abstain from granting his requested relief.

We have a "virtually unflagging obligation" to hear and decide cases within the scope of our jurisdiction.[22] But under our Supreme Court's decision in *Younger v. Harris*,[23] our obligation flags if exercising jurisdiction "would interfere with certain ongoing state proceedings."[24] We should abstain under *Younger* if three elements exist: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims."[25]

We must abstain from enjoining Mr. Page's pending criminal proceedings. State criminal proceedings "exemplif[y]" *Younger* abstention.[26] We "**must** refrain from enjoining" pending state criminal prosecutions.[27] This principle reflects "a longstanding public policy against federal court interference with state court proceedings."[28] And our Court of Appeals's three elements for *Younger* abstention exist here. First, ongoing state criminal proceedings exist against Mr. Page. It appears the Commonwealth charged Mr. Page with, among other charges, robbery, theft, receiving stolen property, and false imprisonment.[29] Second, the Commonwealth's prosecution implicates the Commonwealth's important interest "in enforcing its laws."[30] Third, Mr. Page pleads no facts showing he does not enjoy adequate opportunity to raise a double jeopardy defense in his state proceedings.[31]

We dismiss Mr. Page's claim seeking dismissal of his criminal prosecution.[32] We dismiss without prejudice to Mr. Page pleading the facts necessary to show he does not possess an adequate opportunity to raise his double jeopardy defense in his state proceedings.[33]

4

B. **We dismiss Mr. Page's *Monell* claims against Bucks County and Tullytown Police Department.**

Mr. Page also seeks money damages from Bucks County and Tullytown Police Department. Mr. Page describes several individuals' actions in his Complaint, but he sues no individuals.[34] He instead sues only Bucks County and Tullytown Police Department for money damages. We liberally construe Mr. Page's *pro se* claims against these entities as claims for municipal liability under *Monell*.[35]

Municipal entities are liable under *Monell* for the constitutional violations of their employees if the employees acted under "a municipal policy or custom that resulted in [the] alleged constitutional violations."[36] A plaintiff bringing a *Monell* claim must: "(1) identify a policy or custom that deprived him of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the moving force behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury."[37] A policy "is a statement, ordinance, regulation, or decision officially adopted and promulgated by a government body's officers."[38] A custom comprises "practices of state officials [which are] so permanent and well settled as to constitute a custom or usage with the force of law."[39]

We dismiss Mr. Page's claims against Bucks County and Tullytown Police Department because he pleads no elements of a *Monell* claim. Mr. Page identifies no policy or custom working to deprive him of rights; he simply complains President Judge Bateman did not read a colloquy at trial while police officers, a district attorney, and members of the district attorney's office stood by without objecting. These scant facts do not allow us to infer Bucks County or the Tullytown Police Department maintained a policy or custom depriving Mr. Page of a federally protected right. Mr. Page also fails to plead the municipalities' conduct constituted a driving force behind the purported violations by a trial judge in not reading a colloquy at Mr. Page's trial. And Mr. Page

5

does not plead a direct causal link between a policy or custom and his injury because he does not plead a policy or custom. We dismiss Mr. Page's *Monell* claims against Bucks County and Tullytown Police Department.[40]

We are not aware of a possible claim against a municipality, local police department, or police officer arising from a trial judge's conduct during a criminal trial in not reading a colloquy on whether Mr. Page had taken medication. But we do not know all the facts and will give Mr. Page leave to file an amended complaint if he can plead these facts.

### C. We dismiss Mr. Page's damages claims under the Pennsylvania Constitution.

Mr. Page also appears to bring damages claims under the Pennsylvania Constitution.[41] It appears Mr. Page claims President Judge Bateman violated Article VI, section three of the Pennsylvania Constitution, which Mr. Page claims requires President Judge Bateman to take an oath of office.[42]

We dismiss Mr. Page's claim because the Pennsylvania Constitution does not provide damages claims. "No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution."[43] While injunctive relief may be available under the Pennsylvania Constitution,[44] we must abstain from enjoining an ongoing state court criminal prosecution which is the only injunctive relief Mr. Page seeks. We dismiss Mr. Page's claims for damages under the Pennsylvania Constitution for damages with prejudice.[45]

### III.   Conclusion

We dismiss Mr. Page's claim for money damages under the Pennsylvania Constitution with prejudice. We dismiss his claims to enjoin his retrial and claims for money damages against Bucks County and Tullytown Police Department without prejudice to Mr. Page possibly timely filing an amended complaint pleading he cannot pursue a defense in his criminal proceeding, a municipal

6

policy or custom to impose liability upon the County or local police department, or to identify non-immune state actors for allegedly violating his civil rights. We do not see a potential claim against a municipality or police department, or against a police officer, arising from a trial judge's decision to provide a colloquy; it appears a court already vacated his earlier conviction, and we must defer to the ongoing state court prosecution. But we will liberally grant Mr. Page leave to amend if he can plead facts plausibly giving rise to a claim.

---

[1] ECF Doc. No. 2 at 5.

[2] ECF Doc. No. 2 at 4. We assume Mr. Page is referencing President Judge Wallace H. Bateman of the Bucks County Court of Common Pleas.

[3] *Id.*

[4] *Id.* at 6.

[5] *Id.*

[6] *Id.* at 2, 4.

[7] *Id.* at 2. Congress in section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

[8] ECF Doc. No. 5.

[9] ECF Doc. No. 2 at 3 (Q: "[W]hat federal constitutional or statutory right(s) do you claim is/are being violated by state of local officials?" A: "§ 6 & 9 Deprived rights to a fair trial [*sic*]").

[10] *Id.* at 6.

[11] *Id.* at 5.

[12] *Id.*

[13] *See, e.g.*, *Shorter v. United States*, 12 F.4th 366, 370 (3d Cir. 2021) (citing 28 U.S.C. § 1915A(b)).

---

[14] 28 U.S.C. § 1915A(a).

[15] 28 U.S.C. § 1915A(b)(1).

[16] *Turner v. District Att'y Phila. Cnty.*, No. 22-491, 2022 WL 1568395, at *3 (E.D. Pa. May 18, 2022) (citing *Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997)).

A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

[17] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

[18] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244); *see also Cooley v. Zewe*, No. 11-99, 2013 WL 3200524, at *2 (W.D. Pa. June 24, 2013) ("If the court can reasonably read pleadings to state a valid claim on which the [*pro se*] litigant could prevail, it

should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.").

[19] *Yogt*, 8 F.4th at 185 (italics added) (quoting *Mala*, 704 F.3d at 245).

[20] 436 U.S. 658, 694 (1978).

[21] ECF Doc. No. 2 at 6.

[22] *Smith & Wesson Brands, Inc. v. Att'y Gen. of N.J.*, 27 F.4th 886, 890 (3d Cir. 2022) (internal quotations omitted) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[23] 401 U.S. 37 (1971).

[24] *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019).

[25] *Lui v. Comm'n, Adult Ent., De*, 369 F.3d 319, 326 (3d Cir. 2004).

[26] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

[27] *Id.* (emphasis added).

[28] *Lui*, 369 F.3d at 325.

[29] Docket at 3, *Commonwealth v. Kyle Marcel Page*, No. 2942 EDA 2019 (Bucks Cnty. Ct. of Com. Pl.).

[30] *Miles v. Smith*, No. 20-1434, 2021 WL 149054, at *2 (M.D. Pa. Jan. 15, 2021), *aff'd*, No. 21-1356, 2022 WL 1535275 (3d Cir. May 16, 2022).

[31] *See, e.g.*, *Lui*, 369 F.3d at 326 (noting the "competen[ce]" of state courts to adjudicate claims arising under the Federal Constitution).

[32] *See, e.g.*, *Miles*, 2022 WL 1535275, at *2; *Karash v. Erie Cnty. Municipality*, 670 F. App'x 41, 42 (3d Cir. 2016); *Lui*, 369 F.3d at 326.

[33] We must dismiss without prejudice unless "amendment would be futile." *G.S. v. Penn-Trafford Sch. Dist.*, 813 F. App'x 799, 803 (3d Cir. 2020). While it is unlikely Mr. Page will plead facts showing he cannot pursue a double jeopardy defense in state court, we will provide him one amendment.

[34] Mr. Page must name parties from whom he seeks money damages. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 25 (1991). We cannot construe his Complaint to state claims against individuals he does not sue. *See Yogt*, 8 F.4th at 185 (*pro se* litigants must comply with procedural requirements applicable to all litigants); Fed. R. Civ. P. 10(a) (requiring pleadings to name all parties). We note President Judge Bateman and the district attorneys about whom Mr. Page complains might enjoy judicial immunity from suit. *See Williams v. Toomey*, 808 F. App'x 66, 69 (3d Cir. 2020).

---

[35] 436 U.S. at 694 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell*, 436 U.S. at 691)).

[36] *Williams*, 808 F. App'x at 69 (citing *Monell*, 436 U.S. at 690–92).

[37] *Kirby v. Visionquest Nat'l, Ltd.*, No. 15-6208, 2016 WL 1623439, at *3 (E.D. Pa. Apr. 25, 2016) (internal quotations omitted) (citing *Blasi v. Borough of Pen Argyl*, No. 14-1354, 2015 WL 4486717, at *5 (E.D. Pa. July 3, 2015)).

[38] *Blasi*, 2015 WL 4486717, at *5.

[39] *Glass v. City of Phila.*, 455 F. Supp. 2d 302, 341 (E.D. Pa. 2006) (cleaned up) (citing *Simmons v. City of Phila.*, 947 F.2d 1042, 1059 (3d Cir. 1991)).

[40] Mr. Page also sues Bucks County and Tullytown Police Department in their individual capacities. These municipal entities are not individuals. In any event, Mr. Page pleads no factual basis to hold them liable under section 1983 irrespective of the capacity in which he sues them.

[41] ECF Doc. No. 2 at 5 (claiming "a violation of the Constitution of Commonwealth of Pennsylvania article VI").

[42] *See* Pa. Const. art. VI, § 3.

[43] *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011); *see also Little v. Outlaw*, No. 22-1043, 2022 WL 2828845, at *2 n.3 (E.D. Pa. July 19, 2022).

[44] *See McMillen v. Wetzel*, No. 20-192, 2021 WL 5088069, at *5 (W.D. Pa. Sept. 22, 2021), *report and recommendation adopted*, No. 20-192, 2021 WL 5088023 (W.D. Pa. Nov. 2, 2021).

[45] Amendment of these claims would be futile because the Pennsylvania Constitution does not provide damages claims.