IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KYLE PAGE** : **CIVIL ACTION** |
| : |
| v. : **NO. 22-3057** |
| : |
| **COUNTY OF BUCKS, TULLYTOWN** : |
| **POLICE DEPARTMENT** : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                     **September 27, 2022**

      The Commonwealth prosecuted Kyle Page in the Bucks County Court of Common Pleas leading to a trial. A jury convicted Mr. Page and the state court judge sentenced him. He apparently had every opportunity to challenge evidentiary holdings and trial procedures. He now claims Bucks County and the Tullytown Police Department violated the Pennsylvania Constitution and his civil rights when the trial judge did not ask him about his mental competency to proceed to trial and the attending police officers did not mention address his competency during trial when they knew he took medication for a psychiatric concern. Mr. Page may have concerns with the way his counsel represented him including arguments about notice to the trial court in his first trial resulting in his conviction. But the Pennsylvania appellate court vacated the conviction and Mr. Page now awaits a new trial.

      Mr. Page cannot obtain damages under the Pennsylvania Constitution. He again fails to plead a basis for municipal liability based upon a policy or custom of Bucks County or the local police department relating to trial procedures in his first trial. We dismiss his allegations for damages under the Pennsylvania Constitution and for municipal liability based on conduct at trial with prejudice.

I.  **Alleged *pro se* facts**

The Commonwealth charged Kyle Page with robbery and several other claims arising from conduct in Tullytown, Pennsylvania on February 20, 2017.[1] Mr. Page earlier plead he appeared with counsel for a first trial in Bucks County at an undisclosed time while on "ps[y]ch medication."[2] Judge Bateman did not "read a colloquy to see if plaintiff was on any medication during trial."[3] "Tullytown Police" attending the trial knew about his "medical & ps[y]ch condition" but "failed to say anything."[4] Tullytown Police Chief Daniel Doyle, District Attorney A.J. Garabedian, and members of the District Attorney's office attended his trial.[5] The Pennsylvania appellate courts ordered a new trial after vacating his conviction.[6] The trial court cancelled Mr. Page's August 22, 2022 retrial for unknown reasons.[7] The trial court has not scheduled a new retrial date as of today.[8] The Commonwealth now incarcerates Mr. Page at State Correctional Institution Houtzdale awaiting scheduling his new trial.[9]

II. **Analysis**

Mr. Page *pro se* sues Bucks County and the Tullytown Police Department in their individual and official capacities for violating his civil rights during his first criminal trial in state court.[10] We granted him leave to proceed *in forma pauperis* given his financial status while incarcerated and must now screen his allegations before directing the Marshal to serve summons.[11] We dismissed Mr. Page's Complaint with prejudice five weeks ago as to claims for money damages under the Pennsylvania Constitution and allowed Mr. Page to file an amended Complaint "pleading a fact basis to enjoin an ongoing criminal prosecution or a policy or custom against municipal entities arising from the trial judge's failure to provide a colloquy in his first criminal trial or otherwise pleading civil rights claims against individual state actors."[12] Mr. Page's amended Complaint is now before us.

Mr. Page appears to again claim false imprisonment by Bucks County and Tullytown Police Department under the Sixth and Ninth Amendments of the United States Constitution by denying him a fair trial when President Judge Bateman did not read the colloquy to ensure Mr. Page's competency to stand trial.[13] He cites a "violation of the Constitution of Commonwealth of Pennsylvania article VI" because President Judge Bateman violated "§ 3 Oath of office [*sic*]."[14]

Mr. Page now adds two facts to his amended Complaint relating to conduct unrelated to his claims. He first alleges an unidentified person hit him in the head with a lock on July 20, 2022 causing him "severe headaches" and temporary vision loss in his left eye.[15] Mr. Page secondly discloses his criminal trial is over presumably to persuade us he does not seek to enjoin an ongoing proceeding.[16] He appears to be mistaken as to his criminal trial; it appears the trial court cancelled an earlier trial date but there is no basis to find the case is over. Mr. Page does not seek equitable relief; he seeks $3 million from Bucks County and $5 million from Tullytown Police Department.[17]

Congress requires us to again screen Mr. Page's amended Complaint under 28 U.S.C. § 1915A.[18] Congress in section 1915A requires we "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[19] We must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."[20]

We apply the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) to determine whether a complaint fails to state a claim under section 1915A(b)(1).[21] Our Court of Appeals directs us to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings'. . . particularly where the *pro se* litigant is imprisoned."[22] We must "remain flexible" and "apply the relevant legal principle even when the complaint has

failed to name it."[23] But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[24]

We liberally construe Mr. Page's *pro se* amended Complaint as attempting to state two sets of claims: (1) a claim against Bucks County and Tullytown Police Department for violating Article VI, section three of the Pennsylvania Constitution, and (2) a claim against Bucks County and Tullytown Police Department for municipal liability under *Monell v. Department of Social Services*.[25] Mr. Page does not sue anyone for the July 20, 2022 injury.

We again dismiss Mr. Page's claim under the Pennsylvania Constitution because it does not allow private causes of action for damages. Mr. Page's *Monell* claims against Bucks County and Tullytown Police Department fail because he does not identify an entity policy or custom violating his rights or plead facts alleging the entities' conduct constituted a moving force of his alleged injuries at trial. We dismissed these same claims when screening his Complaint five weeks ago. We granted Mr. Page leave to amend to plead individual conduct or a municipal liability theory. Mr. Page brings the same claims. We dismiss his amended Complaint with prejudice.

**A.     We again dismiss Mr. Page's damages claims under the Pennsylvania Constitution.**

Mr. Page brings damages claims under the Pennsylvania Constitution.[26] It appears Mr. Page claims President Judge Bateman violated Article VI, section three of the Pennsylvania Constitution, which Mr. Page claims requires President Judge Bateman to take an oath of office.[27] Mr. Page claims President Judge Bateman violated the Pennsylvania Constitution when he failed to read the colloquy to determine competency to stand trial. He claims the failure to read the colloquy violated his right to a fair trial under the Sixth and Ninth Amendments of the United States Constitution and makes his conviction invalid.[28]

We dismiss Mr. Page's claim because the Pennsylvania Constitution does not provide damages claims. "No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution."²⁹ We again dismiss Mr. Page's claims for damages under the Pennsylvania Constitution for damages with prejudice.

**B.  Mr. Page does not state a claim for false imprisonment under the Sixth or Ninth Amendments.**

Mr. Page mentions false imprisonment.³⁰ He claims Bucks County and Tullytown Police Department violated his Sixth and Ninth Amendment rights on January 28, 2019 through January 31, 2019.³¹

To state a claim for false imprisonment, Mr. Page "must establish: (1) [he] was detained; and (2) the detention was unlawful."³² A false imprisonment claim under 42 U.S.C. § 1983 is "based on an arrest made without probable cause . . . [and] is grounded in the Fourth Amendment's guarantee against unreasonable seizures."³³ Mr. Page pleads no facts alleging his detainment or how his detainment is unlawful. Mr. Page's false imprisonment claim is also barred by the statute of limitations. We look to Pennsylvania's statute of limitations.³⁴ Pennsylvania provides a two-year statute of limitations for false imprisonment actions.³⁵

Mr. Page alleges the false imprisonment occurred on January 28, 2019 through January 31, 2019. The alleged conduct occurred over two-years ago. We dismiss Mr. Page's false imprisonment claim for failure to state a claim. An amendment would be futile as time barred.

**C.  We dismiss Mr. Page's *Monell* claims against Bucks County and Tullytown Police Department arising from acts during his criminal trial.**

Mr. Page also seeks money damages from Bucks County and Tullytown Police Department. Mr. Page states "both defendants are responsible for claims under *Monell v.*

*Department Services*."[36] We analyze Mr. Page's *pro se* claims against these entities as claims for municipal liability under *Monell v. Dep't of Soc. Servs. of City of New York*.[37]

Municipal entities are liable under *Monell* for the constitutional violations of their employees if the employees acted under "a municipal policy or custom that resulted in [the] alleged constitutional violations."[38] A plaintiff bringing a *Monell* claim must: "(1) identify a policy or custom that deprived him of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the moving force behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury."[39] A policy "is a statement, ordinance, regulation, or decision officially adopted and promulgated by a government body's officers."[40] A custom comprises "practices of state officials [which are] so permanent and well settled as to constitute a custom or usage with the force of law."[41]

We dismiss Mr. Page's claims against Bucks County and Tullytown Police Department because he pleads no elements of a *Monell* claim. Mr. Page identifies no policy or custom working to deprive him of rights; he simply complains he suffers injuries because of being struck in the head with a lock. These facts do not allow us to infer Bucks County or the Tullytown Police Department maintained a policy or custom depriving Mr. Page of a federally protected right. Mr. Page also fails to plead the municipalities' conduct constituted a moving force behind the injuries. And Mr. Page does not plead a direct causal link between a policy or custom and his injury because he does not plead a policy or custom.[42] We dismiss Mr. Page's *Monell* claims against Bucks County and Tullytown Police Department. We dismiss these claims with prejudice as Mr. Page has now twice failed to plead municipal liability claims.

### III. Conclusion

We dismiss Mr. Page's claim for money damages under the Pennsylvania Constitution with prejudice. We dismiss Mr. Page's false imprisonment claim for failure to plead the claim and with prejudice as he cannot amend to assert a false imprisonment claim long after the two year statute of limitations. We also dismiss his civil rights claims against Bucks County and Tullytown Police Department under *Monell* because he does not plead a municipal policy or custom to impose liability upon the County or local police department or plead facts allowing us to infer the municipalities' conduct constituted a moving force behind the injuries. Mr. Page did not cure his pleading defects after we granted leave to amend. We dismiss Mr. Page's amended Complaint raising civil rights claims with prejudice. Nothing in today's Order precludes Mr. Page from filing a separate case against those who may have physically injured him while in custody a few months ago, but he has not raised those issues in his two attempts at pleading in this case.

---

[1] We derive the unplead background from the docket of the underlying criminal case. We take facts from the Commonwealth of Pennsylvania's dockets of which we may take judicial notice. *Pinkney v. Meadville, Pennsylvania*, 2022 WL 1616972, at *2 (3d Cir. May 23, 2022) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'") (quoting 5B Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1357 (3d ed.2004)). We take judicial notice of CP-09-CR-0002704-2017.

[2] ECF Doc. No. 2 at 5. We could liberally read Mr. Page's allegations to suggest the trial occurred on January 28 to 31, 2019: "Plaintiff has been incarcerated since his civil right were violated a violation of the 6th and 9th Amendment on January 28th 2019 thru January 31st 2019…" ECF Doc. No. 12 at 1.

[3] ECF Doc. No. 2 at 4. We assume Mr. Page is referencing President Judge Wallace H. Bateman of the Bucks County Court of Common Pleas.

[4] *Id.*

---

[5] *Id.* at 6.

[6] *Id.*

[7] Mr. Page incorrectly cites his Commonwealth of Pennsylvania docket number as "CP-09-CR-0002704-2019." *See* ECF Doc. No. 12 at 4. This docket does not refer to Mr. Page. We take judicial notice of the case involving Mr. Page docketed at CP-09-CR-0002704-2017.

[8] CP-09-CR-2704-2017 at 2.

[9] ECF Doc. No. 2 at 2, 4.

[10] ECF Doc. No. 12 at 1–3. Congress in section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

[11] ECF Doc. No. 5.

[12] ECF Doc. No 9.

[13] ECF Doc. No. 12 at 2.

[14] *Id.* at 1.

[15] *Id.* at 3. He does not allege any other fact about the pain and suffering or the July 20, 2022 incident.

[16] *Id.* at 3, 5.

[17] *Id.* at 2.

[18] *See, e.g., Shorter v. United States*, 12 F.4th 366, 370 (3d Cir. 2021) (citing 28 U.S.C. § 1915A(b)).

[19] 28 U.S.C. § 1915A(a).

[20] 28 U.S.C. § 1915A(b)(1).

[21] *Turner v. District Att'y Phila. Cnty.*, No. 22-491, 2022 WL 1568395, at *3 (E.D. Pa. May 18, 2022) (citing *Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997)).

A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility ... a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that ... 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' ... in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations ... and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'..., we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

[22] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

[23] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244); *see also Cooley v. Zewe*, No. 11-99, 2013 WL 3200524, at *2 (W.D. Pa. June 24, 2013) ("If the court can reasonably read pleadings to state a valid claim on which the [*pro se*] litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.").

[24] *Yogt*, 8 F.4th at 185 (italics added) (quoting *Mala*, 704 F.3d at 245).

[25] 436 U.S. 658, 694 (1978).

[26] ECF Doc. No. 12 at 1 (claiming a violation of the Constitution of Commonwealth of Pennsylvania article VI).

[27] *See* Pa. Const. art. VI, § 3.

[28] ECF Doc. No. 12 at 1.

[29] *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011); *see also Little v. Outlaw*, No. 22-1043, 2022 WL 2828845, at *2 n.3 (E.D. Pa. July 19, 2022).

[30] ECF Doc. No. 12 at 1.

[31] *Id.*

[32] *Wallace v. Kato*, 549 U.S. 384, 389 (2007).

[33] *James v. City of Wilkes-Barre*, 700 F.3d 675, 683 (3d Cir. 2012).

[34] "Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts." *Wallace v. Kato*, 549 U.S. at 387 (2007).

[35] 42 Pa.C.S. § 5524.

[36] ECF Doc. No. 12 at 3–4.

[37] 436 U.S. at 694 ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."); *Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("Plaintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting *Monell*, 436 U.S. at 691)).

[38] *Williams*, 808 F. App'x at 69 (citing *Monell*, 436 U.S. at 690–92).

[39] *Kirby v. Visionquest Nat'l, Ltd.*, No. 15-6208, 2016 WL 1623439, at *3 (E.D. Pa. Apr. 25, 2016) (internal quotations omitted) (citing *Blasi v. Borough of Pen Argyl*, No. 14-1354, 2015 WL 4486717, at *5 (E.D. Pa. July 3, 2015)).

[40] *Blasi*, 2015 WL 4486717, at *5.

[41] *Glass v. City of Phila.*, 455 F. Supp. 2d 302, 341 (E.D. Pa. 2006) (cleaned up) (citing *Simmons v. City of Phila.*, 947 F.2d 1042, 1059 (3d Cir. 1991)).

---

[42] Mr. Page does not allege a policy or custom of excessive force. *See e.g.*, *Hernandez v. City of Philadelphia*, 2022 WL 2290849, at *3 (E.D. Pa. June 23, 2022) (dismissing a complaint for failure "to allege that the City had a policy or custom of permitting officers to use excessive force against inmates.").